UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. AUGUSTO BASTIDAS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOD SAMARITAN HOSPITAL LP, et al.,<br><br>    Defendants. | Case No. 13-cv-04388-SI<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 118 |

Before the Court is defendant's motion for summary judgment and plaintiff's opposition to that motion. In both filings, the parties exclusively cite Title VII retaliation cases on the issue of causation − a necessary prong of plaintiff's *prima facie* case. *See Manatt v. Bank of Am.*, NA, 339 F.3d 792, 800 (9th Cir. 2003). The parties are requested to file supplemental briefs on the following issue:

What impact, if any, does the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar,* ––– U.S. ––––, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013) (holding that a heightened "but-for" standard of causation applies to Title VII retaliation claims) have in this 42 U.S.C. § 1981 action? *See also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 795 F.3d 1067, 1088 (9th Cir. 2015). The Ninth Circuit employs the *McDonnell Douglas* summary judgment evidentiary approach in both § 1981 and Title VII claims, *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004), and has recognized that "[r]etaliation claims under Title VII and § 1981 share identical legal standards." *Williams v. Tucson Unified Sch. Dist.*, 316 F. App'x 563, 564 (9th Cir. 2008) (citing *Manatt*, 339 F.3d at 797).

**The parties shall file these briefs by October 13, 2015**.

**IT IS SO ORDERED.**

Dated: September 30, 2015

_____
SUSAN ILLSTON
United States District Judge