UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. AUGUSTO BASTIDAS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOD SAMARITAN HOSPITAL LP, et al.,<br><br>    Defendants. | Case No. 13-cv-04388-SI<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 118, 137 |

    Before the Court is defendants' motion for summary judgment on plaintiff's remaining 42 U.S.C. § 1981 retaliation claim, as well as plaintiff's opposition to that motion. Dkt. 118, 121 Att. 2. The Court subsequently requested the parties to file supplemental briefs on the issue of causation in light of the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, ___ U.S. ___, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013) (holding that a heightened "but-for" standard of causation applies to Title VII retaliation claims).

    Plaintiff's supplemental brief included a request for leave to file a Fourth Amended Complaint pursuant to Rule 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."). Dkt. 137 at 2. Plaintiff's principal contention is that defendants have taken adverse employment actions against him in retaliation for litigating this matter since the filing of his Third Amended Complaint. *Id.* at n.1. Plaintiff's brief details the extent of these alleged adverse actions, which include matters pled in his Third Amended Complaint, as well as more recent allegations. *Id.* at 7-15.

    In light of defendants' objection to plaintiff's inclusion of additional adverse employment actions in his opposition to their motion for summary judgment — incidents that defendants contend do not appear in plaintiff's Third Amended Complaint — the Court finds it prudent and in the interest of justice to permit plaintiff leave to once again amend his complaint. *See* Dkt. 128 at 2-4. Given that plaintiff's retaliation claim is rooted in the filing of this action the Court is wary

of dismissing viable claims that concern ongoing retaliation in plaintiff's present workplace. *See Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1090 (N.D. Cal. 2014 ("[A] pattern of ongoing retaliation following protected conduct supports a finding of causation." (citing *Wood v. Dollar Rent-A-Car Sys., Inc.*, 128 F. App'x 620, 622 (9th Cir. 2005))).

That being said, the Court is mindful of defendant's concern that it be given notice of the basis of the complaint so that it may properly prepare a defense. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (reasoning that plaintiff must plead a short and plain statement of his claim showing that he is entitled to relief in order to provide defendants with fair notice of what the claim is and the grounds upon which it rests). For this reason, plaintiff is precluded from including in his Fourth Amended Complaint any acts of alleged retaliation following the date of the filing of this order. Plaintiff will be granted no further leave to amend his complaint.

**Plaintiff shall file his Fourth Amended Complaint by December 4, 2015.**

Defendant's motion for summary judgment is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: November 16, 2015

_____
SUSAN ILLSTON
United States District Judge