UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. AUGUSTO BASTIDAS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOD SAMARITAN HOSPITAL LP and GOOD SAMARITAN MEDICAL STAFF,<br><br>    Defendants. | Case No. 13-cv-04388-SI<br><br>**NOTE TO COUNSEL RE JURY INSTRUCTIONS - MITIGATION** |

Upon review, and in light of all the evidence presented at trial, the Court finds that there is insufficient evidence to support giving an instruction on the duty to mitigate damages. Accordingly, the Court will delete Instruction 15 from the instructions to be given to the jury. An amended set of instructions is attached.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. AUGUSTO BASTIDAS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOD SAMARITAN HOSPITAL LP and GOOD SAMARITAN MEDICAL STAFF,<br><br>    Defendants. | Case No. 13-cv-04388-SI<br><br>**JURY INSTRUCTIONS** |

**JURY INSTRUCTION NO. 1 – DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2 – BURDEN OF PROOF**

Plaintiff must prove his claim by a preponderance of the evidence. This means Plaintiff must demonstrate that the evidence shows his claim is more likely true than not true. In deciding whether Plaintiff met his burden, you should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 3 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding whether plaintiff met his burden include:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

**JURY INSTRUCTION NO. 4 – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken during the trial, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence

was received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 5 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 6 – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 7 – DEPOSITION TESTIMONY

You have heard deposition testimony throughout this trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial or it may be used for impeachment purposes. You should consider deposition testimony, insofar as possible, in the same way as if it were given from the witness stand.

It is typical for depositions to last several hours and for only small portions of the testimony to be used at trial.

**JURY INSTRUCTION NO. 8 – OPINION TESTIMONY**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters to which he or she has special knowledge, skill, experience, or training. Such testimony is presented to you because someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. You should not substitute this opinion for your own reason, judgment, and common sense.

**JURY INSTRUCTION NO. 9**
**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries were received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 10**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 11 – RETALIATION CLAIM ELEMENTS AND BURDEN OF PROOF

Plaintiff claims that Defendants retaliated against him because he filed this lawsuit. Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff engaged in or was engaging in an activity protected under federal law, here, bringing and pursuing a civil rights lawsuit; the parties have agreed that plaintiff did engage in a protected activity;
2. the employer subjected the plaintiff to an adverse employment action; and
3. the plaintiff was subjected to an adverse employment action because of his engaging in the protected activity of bringing and pursuing a civil rights lawsuit.

A plaintiff is subjected to an adverse employment action "because of" his bringing and pursuing a discrimination claim if the adverse employment action would not have occurred but for that participation.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

## JURY INSTRUCTION NO. 12 – ONLY THE RETALIATION CLAIM IS TO BE DECIDED

Throughout this case, you have heard evidence concerning plaintiff's allegation that Good Samaritan Hospital and its Medical Staff retaliated against him because he brought a federal civil rights lawsuit against them in September of 2013. You will be asked to decide the retaliation claim in your verdict.

During the trial you have heard evidence that the September, 2013 civil rights lawsuit alleged discrimination on the basis of race and violation of due process of law. However, those claims have been dismissed and are not for you to decide in this case. Information concerning those claims was presented only to explain what the "protected activity" was that Dr. Bastidas

engaged in, and which he alleges caused defendants to retaliate against him.

### JURY INSTRUCTION NO. 13 – RETALIATION CLAIM
### ELEMENT TWO: ADVERSE EMPLOYMENT ACTION

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

### JURY INSTRUCTION NO. 14 – DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that Plaintiff has proven his retaliation claim, you must determine whether Plaintiff suffered any damages and, if so, the amount of damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants' wrongful conduct. Damages do not include amounts that have been offset by Plaintiff's earnings at other hospitals. For example, if you find Plaintiff's earnings were reduced at Good Samaritan Hospital but he was able to offset that decrease at other hospitals at which he practiced, then you must offset any damages accordingly.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### JURY INSTRUCTION NO. 15 – PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**JURY INSTRUCTION NO. 16 – NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO. 17 – DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision imply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 18
CONSIDERATION OF EVIDENCE – CONDUCT OF JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application, including but not limited to Facebook, Twitter, Instagram, or any other social media website or app. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you

have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 19 – COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JURY INSTRUCTION NO. 20 – RETURN OF VERDICT

A verdict form has been prepared for you. I have instructed you on the law that you are to use in answering its questions. You must follow my instructions and the verdict form carefully.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

11